IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NELSON SANTANA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:24CV756 |
| FRANK BISIGNANO, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, Senior District Judge.

This matter comes before the Court on Plaintiff Nelson Santana's Motion for Attorney's Fees. (ECF No. 14 at 1.) Plaintiff seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (*Id.* at 2.) For the reasons stated herein, Plaintiff will be awarded attorney's fees under the EAJA in the amount of $10,238.09.

**I.     BACKGROUND**

Plaintiff filed a Complaint on September 11, 2024, seeking judicial review of the Commissioner's final decision denying his application for disability insurance benefits under the Social Security Act. (ECF No. 2 at 1–2.) Thereafter, the Commissioner filed an uncontested Motion to Remand, seeking to permit further action by the Commissioner and remand for further administrative proceedings. (ECF No. 10 at 1.) On February 14, 2025, the action was remanded for further proceedings, and a judgment was entered accordingly. (ECF Nos. 12 at 2; 13 at 1.) Plaintiff then filed the instant Motion for Attorney's Fees, seeking $9,002.75. (ECF No. 14 at 1.)

**II.     DISSCUSSION**

Under the EAJA, a private litigant who has initiated a civil action against the United States may recover attorney's fees if the litigant secures a victory against the United States. 28 U.S.C. § 2412(d)(1)(A). Attorney's fees shall be awarded if four conditions are met: (1) the party applying for fees must have been a "prevailing party" in the civil action; (2) the application for attorney's fees must be filed within thirty days of the final judgment in the action, and must be accompanied by an "itemized statement" explaining the time and rate used in computing the fee amounts; (3) the position of the government must not have been "substantially justified;" and (4) there must be an absence of "special circumstances [that would] make an award unjust." *Id.* at § 2412(d)(1)(A)–(B); *see Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

The Commissioner does not contest that Plaintiff has met each of the four requirements outlined above and does not contest that Plaintiff is entitled to attorney's fees. (ECF No. 17 at 1.) Rather, the Commissioner challenges the amount of fees Plaintiff requests. (*Id.* at 2.) The Commissioner requests a "reduction in fees to exclude those hours not reasonably expended and not properly billable." (*Id.*) The Commissioner submits that $5,272.98 is a reasonable amount of attorney's fees in this case. (*Id.*) Therefore, the Court will now determine what constitutes a reasonable amount of attorney's fees in this case.

Under 28 U.S.C. § 2412(d)(2)(A), "fees and other expenses" awarded to a prevailing party must be "reasonable." § 2412(d)(2)(A). A district court is accorded "substantial discretion in fixing the amount of an EAJA award," *Jean*, 496 U.S. at 163, but "is charged with the duty to ensure that the final award is reasonable." *Hyatt v. Barnhart*, 315 F. 3d 239, 254 (4th Cir. 2002).

To determine whether a request for attorney's fees is "reasonable," a court may consider (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field, among other factors. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 n. 28 (4th Cir. 1978).

Plaintiff requests an EAJA fee award of $9,002.75 which is comprised of 41 hours of work performed by four attorneys and various paralegals. (ECF No. 14-3 at 1–4.) The Commissioner argues that the number of hours Plaintiff's attorneys billed is excessive because (1) Plaintiff's attorneys are experienced in these actions, (2) the issue raised by Plaintiff was not novel or complex, and (3) Plaintiffs are requesting more than the average fee awarded under the EAJA. (ECF No. 17 at 6–9.)

The Commissioner's arguments are unpersuasive to the Court. The Court finds that billing around 40 hours is not unusual in cases like this. *See Faircloth v. Colvin*, 2:13cv156, at * 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014) (finding that "EAJA awards in [social security cases] in other federal courts have ranged from twenty to forty hours.") (collecting cases). While the bulk of time Plaintiff's attorney billed, 24.9 hours, was for reviewing the record, notetaking, and organizing facts, this Court is not persuaded by the Commissioners argument that these hours were "simply not reasonable." (ECF Nos. 14-3 at 3; 17 at 8.) Additionally, Plaintiff's administrative record in this case was over 2,500 pages long. (ECF No. 17 at 8.)

The Commissioner argues that despite the length of the record, Plaintiff's attorney spent more time than necessary reviewing it because "the majority of the record" covered medical treatment and medical evaluations that are "unrelated" to Plaintiff's claim in the

3

instant case. (*Id.* at 8.) Therefore, the Commissioner believes that 14.9 hours is a more reasonable amount of hours to be compensated for reviewing these records rather than the 24.9 hours billed. (*Id.* at 9.)

The Court declines to find that certain pages in Plaintiff's record were unnecessary to review simply because the Commissioner believes they were not necessary for the instant claims before this Court. Further, this Court finds that 24.9 hours to review, take notes, and organize a 2,574-page record is reasonable. *See Fryar v. Saul*, 7:19-CV-198-RJ, 2021 WL 769664, at *4 (E.D.N.C. Feb. 26, 2021) (finding 30.8 hours spent reviewing a record of over three thousand pages and drafting a facts section of the brief is reasonable given the size of the administrative file).

While the Court does not find that the 41 hours billed are excessive, upon reviewing Plaintiff's time entries, the Court does find that several of the billings are clerical in nature. "[C]lerical tasks are considered overhead and thus are not compensable under the EAJA because the services do not require professional skill or expertise." *Fryar*, 2021 WL 769664, at *2 (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). Therefore, Plaintiff's paralegal's entry titled "[f]iles received, reviewed, and processed from referral source for attorney review" and other time entries regarding the referral source are clerical in nature. (ECF No. 14-5 at 2); *see id.* (finding that this type of entry "is an administrative task rather than legal research or analysis conducted to develop the theory of the case.").

Additionally, another paralegal's time entry on November 14, 2024, entitled "combine, OCR, and live bookmark federal court transcript" is also clerical in nature and not compensable. (ECF No. 14-5 at 2); *see Fryar*, 2021 WL 769664, at *2 (quoting *Hyatt*, 315 F.3d at 255) (finding that time spent combining and bookmarking a transcript is not a task

4

traditionally performed by an attorney). Lastly, the paralegal's two time entries on September 5, 2024, which deal specifically with documents concerning client representation, are also clerical in nature. The first one is entitled "FDC contract and other rep documents prepared for client completion" and the second one is entitled "[e]xecuted FDC contract and other rep documents returned reviewed for proper completion." (ECF No. 14-5 at 2.); *see Fryar*, 2021 WL 769664, at *2; *see also Hyatt*, 315 F.3d at 255 ("Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client."). Therefore, the Court will not award attorney's fees for the above-described entries defined as clerical in nature, and the total award is reduced by 4.4 hours.

Further, Plaintiff, in his Reply, requests an additional 4.3 hours of time that the attorneys spent replying to the Commissioner's objections. (ECF No. 18 at 8.) The Reply brief is 8 pages long and cites to numerous cases, therefore it appears that 4.3 hours is reasonable, and the time is compensable. *See Fryar*, 2021 WL 769664 at * 5 (finding that 2.7 hours spent replying to defendant's opposition to the EAJA application was compensable). Accordingly, Plaintiff's original request of 41 hours is reduced by 4.4 hours to account for the clerical work, and the additional 4.3 hours spent replying to the Commissioner's opposition will be added. Therefore, the total hours of attorney work performed was 40.9 hours, multiplied by the hourly rate of $250.32,[1] making the total amount of attorney's fees awarded to Plaintiff $10,238.09.

For the reasons stated herein, the Court enters the following:

---

[1] The Commissioner does not object to Plaintiff's hourly rate. (*See* ECF No. 17 at 1.)

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees, (ECF No. 14), is **GRANTED** to the extent that the Court awards attorney's fees in the amount of $10,238.09. Pursuant to *Comm'r of Soc. Sec. v. Ratliff*, 560 U.S. 568 (2010), the award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner shall determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to his counsel. If the United States Department of the Treasury reports to the Commissioner that Plaintiff does not owe a federal debt, the Government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed. The motion is otherwise **DENIED.**

This, the 25th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge